## LEVI O. BIEHN v. BUCKS COUNTY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF BUCKS COUNTY.

Argued February 12, 1890—Decided February 24, 1890.

Under § 10, act of March 29, 1859, P. L. 296, the treasurer of Bucks county is entitled to deduct six per cent from all state taxes collected by him and accounted for to the state treasury, and he must account to the county for four per cent of the amount so collected and accounted for, the balance to be retained by himself as his own commissions.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 227 January Term 1890, Sup. Ct.; court below, No. 16 January Term 1890, C. P.

On January 7, 1890, a case stated was agreed upon and filed, in which Levi O. Biehn, treasurer of Bucks county, was plaintiff, and the county of Bucks defendant, showing in substance as follows:

The plaintiff, as treasurer of Bucks county during the year 1887, collected state taxes to the amount of $32,984.94, out of which he was allowed and retained the sum of $1,962.59, as commissions. The plaintiff contended that under § 10, act of March 29, 1859, P. L. 296, he was obliged to pay to the county but four per cent of the $1,962.59, retaining the balance for himself; while the defendant contended that said act required him to pay to the county four per cent of $32,984.94, the whole amount of state taxes accounted for. Judgment was to be entered for the plaintiff for 1,884.09, if his view were adopted by the court; otherwise, judgment to be entered for the plaintiff for $654.20.

Opinion of the Court.

After argument, YERKES, P. J., delivered the opinion of the court on January 7, 1890, and directed judgment to be entered for the plaintiff in the sum of $654.20.  The plaintiff thereupon took this appeal assigning the judgment of the court for error.

*Mr. George Ross* (with him *Mr. Samuel Z. Freed* and *Mr. L. L. James*), for the appellant.
Counsel cited: Philadelphia v. Martin, 125 Pa. 583.

*Mr. Henry Lear* (with him *Mr. E. Wesley Keeler*), for the appellee.
Counsel cited: Endlich on Statutes, §§ 27, 43, 48, 60, 245, 414; Section 8, act of March 25, 1831, P. L. 206; Section 42, act of April 15, 1834, P. L. 544; Schuylkill Co. v. Commonwealth, 36 Pa. 524.

OPINION, MR. CHIEF JUSTICE PAXSON:

The plaintiff is the treasurer of the county of Bucks.  He collected the state taxes for the year 1887, and was allowed the sum of $1,962.59 by the state treasurer for his services in collecting said taxes.  The plaintiff claims to retain all of this, except the sum of $78.50, while the county contends that it is his duty to pay two thirds of it, or four per cent of the amount of state tax, amounting to $1,308.39, into the county treasury, retaining $654.20, the remaining third, or two per cent upon the total collection, for his own compensation.  The tenth section of the act of March 29, 1859, P. L. 296, provides that, " in lieu of the percentage now received by the treasurer of said county [Bucks] on state tax by him paid into the state treasury, he shall hereafter be entitled to deduct and retain out of the gross amount of moneys collected and received by him for the use of the commonwealth, under the provisions of this act, six per centum on the amount accounted for and paid over by him to the state treasurer, four per centum of which shall be paid by him to the credit of the said county."

The case depends upon the proper construction of this act. It is so plain that we are surprised that a doubt should ever have arisen as to its meaning.  The treasurer is entitled to deduct six per centum from all state taxes collected and paid

Statement of Facts.

over to the state treasurer. What is he to do with it? The answer is not difficult, and is to be found in the unambiguous language of the act itself,—" four per centum of which shall be paid by him to the credit of the said county." Four per centum of what? Clearly, four per centum of the taxes collected for the state, not four per centum on the six per centum retained. If I were to write a volume, I could not make this any plainer. In the face of this clear provision of the act, it is unnecessary to grope after the intention of the legislature, for it has expressed its intent in language that is incapable of any other construction.

Judgment affirmed.